OPINION
{¶ 1} This case presents two issues for decision. The first is whether the trial court abused its discretion when it declined the Plaintiffs' request to enjoin an alleged public nuisance. The second issue is whether the court then erred or abused its discretion when it awarded the Defendants, who are owners and operators of the alleged nuisance, $126,250 as damages for lost profits and $18,200 for attorney fees.
 {¶ 2} On the first issue, the injunction, we find no abuse of discretion. On the second issue, the awards of damages and attorney fees, we find that the trial court erred because the bond posted by the Plaintiffs was but five hundred dollars and the section of the Revised Code authorizing such awards limits their total to the amount of the bond posted. Further, the Defendants' settlement with other alleged joint tortfeasors for $10,000 must be set off against their damages award, swallowing up the damages which they are entitled from these Plaintiffs. Finally, Defendants are entitled to no attorneys fees because they incurred none.
 {¶ 3} The alleged nuisance is a commercial hog finishing facility that Defendants, Anthony and Anita Knapke, planned to construct on their farm. In 1998, they entered into a five year written contract with Cooper Farms, Inc., which agreed to place 1,920 hogs at the Knapkes' facility. Cooper Farms, Inc., has some fifty similar contracts with other operators in Darke County and adjoining counties.
 {¶ 4} In addition to facilities in which to house and feed the hogs, the Defendants planned to install a lagoon system to accept and dispose of the animal waste it produced. Getting wind of this, several owners of properties nearby filed this action in common pleas court pursuant to R.C. 3767.03, alleging that the entire operation would be a public nuisance and asking the court to enjoin the Defendants from acting on their plans. Subsequently, the Plaintiffs filed a class action claim in the same case.
 {¶ 5} The plaintiffs in the case included James Shuttleworth, Everett Hart, and Steven Longfellow. Two other plaintiffs were involved, but prior to trial they settled with the Defendants on their counterclaim against all the plaintiffs for lost profits and attorney fees. Those other plaintiffs paid the Defendants $10,000 to settle their claims.
 {¶ 6} The trial court certified a class, as Plaintiffs had requested, but Plaintiffs subsequently dismissed their class action claims. The case proceeded to trial on Plaintiffs' request for an injunction and Defendants' counterclaim for damages and attorney fees.
 {¶ 7} The Plaintiffs filed their request for injunctive relief pursuant to R.C. 3767.03. That section required them to post a bond of $500. The Plaintiffs failed to file a bond. The Defendants asked the court to require a bond. The Plaintiffs then filed the minimum $500 bond the section requires. The Defendants asked the court to increase the amount of the bond, but the court never ruled on the request.
 {¶ 8} After hearing the evidence that both sides presented, the trial court found that Plaintiffs had failed to prove a nuisance and it denied their requested injunction by finding in favor of Defendants. The court also found for Defendants on their counterclaim, and it awarded them judgments against the Plaintiffs in the amounts of $126,250 and $18,200 for lost profits and attorneys fees, respectively.
 {¶ 9} The Plaintiffs filed a timely notice of appeal, and now present seven assignments of error for review. Defendants cross appealed. They present a single assignment of error.
Plaintiffs' Appeal.
 {¶ 10} In their first assignment of error Plaintiffs argue that the trial court abused its discretion when it denied the injunction they requested. That relief would have prevented Defendants from constructing the hog finishing facility and the waste lagoon.
 {¶ 11} "Injunction is a preventive remedy, designed to guard against future injury rather than to afford redress for wrongs already suffered. Equity cannot enjoin that which has been accomplished." Smithv. Wagner (Feb. 25, 1994), Montgomery App. No. 13762.
 {¶ 12} The record reflects that the hog finishing facility has been completed and is in operation, and that the Defendants chose to use pits instead of the proposed lagoon to dispose of the waste the facility produces.
 {¶ 13} Confronted with a fait accompli, Plaintiffs limit their abuse of discretion argument to the matter of the lagoon. It is a maxim of equity that "equity regards substance rather than form." 41 Ohio Jurisprudence 3d, Equity, Section 62. Because the lagoons were not installed, pits being installed in their place, we cannot find that the trial court abused its discretion when it declined to enjoin the proposed lagoons. Plaintiff's first assignment of error is overruled.
 {¶ 14} In their third assignment of error Plaintiffs argue that the awards the trial court ordered on Defendants' counterclaim exceed the amounts the court was authorized to award for damages and attorneys fees.
 {¶ 15} Plaintiffs' injunction request and Defendants' counterclaim were both filed pursuant to R.C. 3767.03, which authorizes private actions as well as actions brought by public officials to enjoin a public nuisance. That section further provides:
 {¶ 16} "If an action is instituted under this section by a person other than the prosecuting attorney; the village solicitor, city director of law, or other similar chief legal officer of the municipal corporation; the attorney general; or the township law director, the complainant shall execute a bond in the sum of not less than five hundred dollars, to the defendant, with good and sufficient surety to be approved by the court or clerk of the court, to secure to the defendant anydamages the defendant may sustain and the reasonable attorney's fees thedefendant may incur in defending the action if the action is wrongfully brought, not prosecuted to final judgment, is dismissed, or is not maintained, or if it is finally decided that an injunction should not have been granted. If it is finally decided that an injunction should not have been granted or if the action was wrongfully brought, not prosecuted to final judgment, dismissed, or not maintained, the defendant shall haverecourse against the bond for all damages suffered, including damages to the defendant's property, person, or character, and for the reasonableattorney's fees incurred by the defendant in defending the action." (Emphasis added.) R.C. 3767.03.
 {¶ 17} R.C. 3767.03 authorizes the court to award damages and reasonable attorneys fees upon a finding of one or more of the causes specified in that section: that the injunction/action was wrongfully brought, not prosecuted to final judgment, dismissed, or not maintained. Awards are also authorized upon a finding that a preliminary injunction that was granted should not have been granted, but none was granted here.
 {¶ 18} The trial court did not identify which cause or causes in R.C. 3767.03 it found as a basis for its awards. The Plaintiffs failed to prosecute their class action claim, so the court may have found that the claim was "not prosecuted to final judgment." Whether the Defendants were damaged as a result or the amount of attorneys fees the court awarded reasonably corresponds to the fees for defending the claim is another matter.
 {¶ 19} A more fundamental problem exists, however. If the court finds any of the causes in R.C. 3767.03, which requires a plaintiff to post a bond, the section goes on to provide that the bond shall secure the defendant against "any damages" it may sustain in defending the action and "the reasonable attorneys fees the defendant may incur," and that "the defendant shall have recourse against the bond for all damages suffered." These provisions limit the amount of the awards to the amount of the bond, and limit a defendant's recourse on those awards to a proceeding against the bond the plaintiff posted. In this respect R.C.3767.03 is similar to the like provisions of Civ.R. 65(C) which, because a defendant can always ask the court to increase a bond the plaintiff posted if the defendant believes the amount posted is insufficient to cover his potential damages, limits a defendant's recovery of damages and attorneys fees to the amount of the bond posted. ProfessionalInvestigations and Consulting Agency, Inc. v. Kingsland (1990),69 Ohio App.3d 753, (per McCormac, J.).
 {¶ 20} Defendants asked the court to increase the amount of the required bond the Plaintiffs had posted, which was in the minimum amount of five hundred dollars. The court never ruled on the motion. By implication, the court denied the motion when it thereafter proceeded to final judgment. Therefore, the maximum total amount the court could award the Defendants for damages and/or attorneys fees is five hundred dollars, the amount of the bond they posted. Plaintiffs' third assignment of error is sustained.
 {¶ 21} In their fourth assignment of error Plaintiffs argue that Defendants are entitled to no award of attorneys fees because they incurred none. R.C. 3763.03 permits an award of "reasonable attorneys fees incurred by the defendant" when any of the specified causes is found.
 {¶ 22} "Incur" is a vowel meaning to become liable or subject to. The record shows that all of Defendants' attorneys fees were paid for them by Cooper Farms, Inc. and "Ohio Right To Farm," an organization. Defendants concede in their brief that they incurred no fees.
 {¶ 23} R.C. 3767.03 does not authorize an award of the "cost" of defending an injunction request. It authorizes an award of "the attorneys fees incurred by the defendant in defending the action." Those narrower terms are intended to compensate a defendant for its actual losses and expenses. It would not serve the ameliorative purposes of that provision to award fees a defendant didn't incur and won't incur. Defendants didn't incur fees and won't incur any. Therefore, they do not qualify for an award of fees pursuant to R.C. 3767.03. Plaintiffs' fourth assignment of error is sustained.
 {¶ 24} In their sixth assignment of error Plaintiffs argue that they are entitled to have the $10,000 pretrial settlement the Defendants were paid by two other joint tortfeasors set off against the damages Defendants were awarded. Plaintiffs rely on R.C. 2307.32, the Contribution Among Joint Tortfeasors Act. That section applies even when, as here, the other alleged joint tortfeasors settled without a judicial determination of liability. Ziegler v. Wendel Poultry Services,Inc. (1993), 67 Ohio St.3d 10.
 {¶ 25} Defendants concede that R.C. 2307.32 applies as Plaintiffs contend. When that $10,000 set-off is applied, it wholly swallows up any damages of up to five hundred dollars to which on this record Defendants can be entitled pursuant to R.C. 3767.03. Plaintiffs' sixth assignment of error is sustained.
 {¶ 26} Plaintiffs' second, fifth, and seventh assignments of error concern evidentiary issues involved in the awards of damages and attorneys fees. Our holding concerning the other assignments of error render moot the errors that the second, fifth and seventh assignments involve. Therefore, we exercise the discretion conferred on us by App.R. 12(A)(1)(c), and decline to rule on those assignments of error.
Defendants' Cross-Appeal
 {¶ 27} Defendants argue that the court should have awarded them attorneys fees in a higher amount that it did. We have found that Defendants are entitled to no award of attorneys fees per R.C. 3767.03, because they incurred none. The error they assign on cross appeal is overruled.
 Conclusion {¶ 28} Having sustained Plaintiffs' third, fourth, and sixth assignments of error, we will reverse and vacate the judgments against them and in favor of Defendants for damages and attorneys fees. As thus modified, the trial court's judgment will be affirmed.
BROGAN, J. and WOLFF, J., concur.